■ In the Matter of the Estate of IRVING D. JAKOBSON, Deceased. FLEET TRUST COMPANY, Respondent; PEDER D. JAKOBSON, Appellant. (Proceeding No. 1.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. FLEET TRUST COMPANY, Respondent; PEDER D. JAKOBSON, Appellant. (Proceeding No. 2.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. FLEET TRUST COMPANY, Respondent; PEDER D. JAKOBSON, Appellant. (Proceeding No. 3.) [739 NYS2d 842] —In three related proceedings to settle the accounts of the respondent Fleet Trust Company as trustee of the lifetime trusts of Irving D. Jakobson

and Ruth Jakobson and as the executor of the estate of Ruth Jakobson, the objectant, Peder D. Jakobson, appeals from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated January 19, 2001, which, after a nonjury trial (Radigan, S.), dismissed the objections to the accounts.

Ordered that the order is affirmed, with costs.

"To warrant a surcharge the objectors must show that the trust's losses resulted from the trustee's negligence or failure to exercise such prudence" (*Matter of Hahn,* 93 AD2d 583, 586, *affd* 62 NY2d 821; *see Matter of Donner,* 82 NY2d 574). Given that the testimony of the objectant's expert was so riddled with inconsistencies and deficiencies as to render it incredible, the Surrogate's Court properly found that the objectant failed to establish that Fleet Trust Company imprudently diversified the accounts and mismanaged the trusts.

Investment of smaller trusts in a common trust fund are generally favored, as they provide the opportunity for greater diversification and growth, efficient management, and lower administrative costs, while providing increased profitability (*see Matter of OnBank & Trust Co.,* 90 NY2d 725, 728). Thus, the investment of trust funds by Fleet Trust Company in a common trust fund was proper.

The objectant's remaining arguments are without merit. Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.